

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-83,185-09 & -11

**EX PARTE ORIAN LEE SCOTT, Applicant**

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 20463 HC-3 & 20464 HC-3 IN THE 6TH DISTRICT COURT
### FROM LAMAR COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the following offenses for each of the three complainants: inducing sexual performance by a child (Count I), promoting and producing sexual performance by a child (Count II), and possession of child pornography (Count III). He was sentenced to imprisonment for three terms of twenty years and six terms of ten years. The Sixth Court of Appeals rendered an acquittal in Count I of each cause, ordered a new trial on guilt in Count II of each cause, and ordered a new punishment trial in

Count III of each cause. *Scott v. State*, 173 S.W.3d 856 (Tex. App.—Texarkana 2005). We left the court of appeals's judgments of acquittal in place, but reversed its judgments as to Counts II and III and affirmed the trial court's judgments as to Counts II and III. *Scott v. State*, 235 S.W.3d 255 (Tex. Crim. App. 2007).

On July 29, 2015, we remanded six applications filed in these causes and directed the trial court to determine what sentences, if any, had discharged. We also directed the trial court to determine whether counsel's conduct at the punishment stage was deficient and Applicant was prejudiced. *See Strickland v. Washington*, 466 U.S. 668 (1984).

On remand, the trial court found that Applicant's sentences in each cause for possession of child pornography had discharged; that his sentence in cause number 20462 for promoting or producing sexual performance by a child had discharged; and that his remaining sentences had not discharged. The trial court also determined that counsel's conduct at the punishment stage was not deficient. The trial court declined to determine whether Applicant was prejudiced.

We believe that the record is not adequate. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond and describe the scope of his investigation in preparation for the punishment hearing. In particular, counsel shall describe what mitigation witnesses and evidence, if any, he investigated before the hearing. According to Applicant, witnesses were available to testify at the punishment hearing. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to

be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make further findings of fact and conclusions of law as to whether counsel's conduct at the punishment stage was deficient and Applicant was prejudiced in cause numbers 20463 and 20464. The trial court's findings and conclusions in these causes shall be limited to the promoting or producing sexual performance by a child convictions. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 16, 2015
Do not publish